UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EVELYN K. HENDERSON,

    Plaintiff,

v.

PARKS AVIATION HOLDINGS LLC d/b/a
Ideal Aviation,

    Defendant.

Case No. 17-cv-812-JPG-DGW

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of defendant Parks Aviation Holdings LLC d/b/a Ideal Aviation ("Ideal") to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6) and for judgment on the pleading pursuant to Federal Rule of Civil Procedure 12(c) (Doc. 10). Plaintiff Evelyn K. Henderson has responded to the motion (Doc. 15), and Ideal has replied to that response (Doc. 16).

In this case, Henderson alleges that she was an employee of Ideal and that Ideal terminated her because of her age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq*. She alleges she was given notice on February 24, 2015, that she would be terminated and would be replaced by a computer that would be operated by a much younger employee. She was terminated on March 6, 2015. She filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 31, 2015. After receiving a right to sue letter from the EEOC, she filed this lawsuit alleging one cause of action under the ADEA (Count I) and one under the IHRA (Count II).

I.      **Number of Employees**

Ideal asks the Court to dismiss both counts under Rule 12(b)(6) because Henderson has not alleged that Ideal has enough employees to subject it to either statute – 20 for the ADEA and 15 for the IHRA. Henderson asserts that the statement in her EEOC charge that Ideal employed "15-100" employees is sufficient.[1]

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

---

[1] Both parties refer to Henderson's EEOC charge in their briefs, but it is not attached to Henderson's complaint. Ordinarily, when a motion to dismiss refers to matters outside the complaint, the Court may treat the motion to dismiss as a motion for summary judgment or it may exclude the additional material from consideration. *See* Fed. R. Civ. P. 12(d). There is an exception to this rule, however, where the additional material is referenced in the complaint, it is central to the allegations in the complaint, and its authenticity is not challenged. *Minch v. City of Chicago,* 486 F.3d 294, 300 n. 3 (7th Cir.2007); *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). Both parties agree this exception applies here.

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atlantic*, 550 U.S. at 561–63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original).

It remains remarkably easy to plead an employment discrimination cause of action even after *Bell Atlantic*. To plead a simple discrimination claim, a plaintiff need only allege the specific adverse employment action and that it was on the basis of an impermissible factor. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1082-84 (7th Cir. 2008); *Concentra Health Servs.*, 496 F.3d at 782; *see also Clark v. Law Office of Terrence Kennedy, Jr.*, No. 16-4277, 2017 WL 4176285, at *2 (7th Cir. Sept. 21, 2017) ("The pleading requirement for employment-discrimination claims is minimal. A plaintiff need only identify the type of discrimination, when it occurred, and by whom."). "[T]here is no further information that is both easy to provide and

of clear critical importance to the claim." *Concentra Health Servs.*, 496 F.3d at 782. Thus, it remains true that "in order to prevent dismissal under Rule 12(b)(6), a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex." *Tamayo*, 526 F.3d at 1084 (citing *Concentra*, 496 F.3d at 781-82). This principle is true for age discrimination pleading as well.

Henderson has adequately pled her claims. It is true that the ADEA applies only to employers with at least 20 employees, 29 U.S.C. § 630(b), and that the IHRA applies only to employers with at least 15 employees, 775 ILCS 5/2-101(B)(1)(a). It is also true that Henderson did not allege in her pleading any facts showing Ideal qualifies as an employer covered by the ADEA or the IHRA. However, under liberal federal notice pleading rules, she need not make any such allegations. The threshold issue of whether the defendant qualifies as an employer for the purposes of the ADEA and the IHRA is a non-jurisdictional defense to liability. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 504 (2006). Thus, as long as Henderson's complaint identifies "the type of discrimination, when it occurred, and by whom," *Clark*, 2017 WL 4176285, at *2, she has adequately pled her causes of action regardless of whether a "tiny employer" defense may exist. Henderson has pled the essentials, so the Court cannot dismiss her claims on the basis of inadequate pleading. That being said, if Ideal did not, in fact, employ a sufficient number of individuals to subject it to the ADEA and the IHRA at the time of Henderson's termination, the Court encourages it to file a motion for summary judgment on the issue as soon as possible.

## II. Timeliness of Charge

Ideal also asks the Court for judgment on the pleadings under Rule 12(c) on Henderson's IHRA claim because Henderson failed to file a timely charge of discrimination. She filed her

charge 188 days after she received notice of her termination on February 24, 2015. Henderson argues she had 300 days to file a charge or, in the alternative, that her charge was timely because she filed less than 180 days after her March 6, 2015, termination.

As a preliminary matter, Rule 12(c) is not the appropriate vehicle for Ideal's request. By its very terms, Rule 12(c) provides motions may be filed "[a]fter the pleadings are closed," that is, after an answer to the complaint is filed (if there are not counterclaim, cross-claims, *etc.*), *see* Fed. R. Civ. P. 7(a), but Ideal has not yet filed an answer in this case. Under Rule 12(c), the Court considers the complaint, answer and any written instruments attached to those pleadings, accepts all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *See Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007); *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). However, where there is no answer, the Court only has the complaint to consider, the motion is really just a Rule 12(b)(6) motion to dismiss based on the sufficiency of the complaint, and the Court will consider it as such. *See* 5C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1367 (3d ed.) ("The mere fact that [Rule 12(b)(6)] procedural defects are raised in the guise of a Rule 12(c) motion should not affect the manner by which the court determines what essentially are Rule 12(b) matters."). Ideal's failure to identify the proper subsection of Rule 12 is not fatal to its motion because the standards applied are essentially the same, *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)), so its arguments remain appropriate.

A Rule 12(b)(6) motion is proper even where the defendant relies on a defense in its motion, for under Rule 12(b)(6) the defendant is entitled to dismissal if the plaintiff pleads facts establishing that the defendant is entitled to prevail on that defense. *Bennett v. Schmidt*, 153 F.3d

5

516, 519 (7th Cir. 1998); *Soo Line R.R. Co. v. St. Louis S.W. Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997); *see Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009) (dismissal appropriate when party pleads facts establishing defense to his claim). That is what Ideal claims with respect to Henderson's IHRA claim.

  A. <u>Time to File Charge</u>

Exhaustion of administrative remedies is a prerequisite to suit under the IHRA. *Baizar v. Moy*, No. 15 C 8292, 2016 WL 772861, at *2 (N.D. Ill. Feb. 29, 2016) ("A plaintiff must comply with the IHRA's exhaustion requirement and pursue administrative remedies before bringing an IHRA claim in a civil action."); *see Anderson v. Centers for New Horizons, Inc.,* 891 F. Supp. 2d 956, 960 (N.D. Ill. 2012) (dismissing IHRA claim for failing to exhaust administrative remedies). The administrative remedy procedures for employment discrimination cases, including age discrimination cases, are set forth in 775 ILCS 5/7A-102. *See* 775 ILCS 5/7A-101 (applying Article 7A procedures to employment discrimination under the IHRA); 775 ILCS 5/2-102(A) (prohibiting employers from discharging an employee on the basis of "unlawful discrimination"); 775 ILCS 5/1-103(Q) (defining "unlawful discrimination" to include discrimination because of age).

That administrative remedy procedure requires that IHRA claims be initiated with a charge filed with the Illinois Department of Human Rights ("IDHR"), 775 ILCS 5/7A-102(A), or with the EEOC, in which case the charge will be deemed to have been filed with the IDHR, 775 ILCS 5/7A-102(A-1). The charge must be filed within 180 days of the date of the alleged civil rights violation. 775 ILCS 5/7A-102(A)(1); 775 ILCS 5/7A-102(A-1)(1). This is shorter than the 300-day time period for filing a charge to exhaust of administrative remedies prior to a

6

federal discrimination claim in a "deferral state" like Illinois.[2] *See Bagwe v. Sedgwick Claims Mgmt. Servs.*, 811 F.3d 866, 887 n.53 (7th Cir. 2016).

Henderson's claim that she had 300 days to file a charge is true only for her federal discrimination claim, not her state discrimination claim. Indeed, the cases she cites involve only federal claims, not claims under the IHRA. *See, e.g., Wilke v. Bob's Route 53 Shell Station*, 36 F. Supp. 2d 1068 (N.D. Ill. 1999) (Americans with Disabilities Act); *Griffin v. Sutton Ford, Inc.*, 452 F. Supp. 2d 842 (N.D. Ill. 2006) (Title VII); *EEOC v. Tempel Steel Co.*, 627 F. Supp. 788 (N.D. Ill. 1986) (Title VII; acknowledging charge may be timely for federal purposes while being untimely for IHRA purposes), *aff'd*, 814 F.2d 482 (7th Cir. 1987).

To determine whether Henderson's charge was timely to support her IHRA claim, the Court turns to when the 180-day period began to run.

B. <u>Commencement of the 180-Day Period</u>

The IHRA states that a charge filed with the EEOC must be filed "within 180 days after the date of the alleged civil rights violation." 775 ILCS 5/7A-102(A-1)(1); *see* 775 ILCS 5/7A-102(A)(1).[3] The 180-day period begins to run at "the time the discriminatory decision is made and communicated to the complainant, not [at] the time the consequences of the decision are

---

[2] Generally, a charge giving rise to a federal discrimination claim is timely if the plaintiff files with the EEOC within 180 days of the alleged unlawful discrimination unless a state or local agency authorized to grant or seek relief from the practice charged exists. 42 U.S.C. § 2000e-5(e)(1); *EEOC v. Commercial Office Prods.*, 486 U.S. 107, 110 (1988). If there is such a state agency, the period is extended to 300 days. 42 U.S.C. § 2000e-5(e)(1). A state having such an agency is commonly referred to as a "deferral state" because the EEOC must "defer" to it, that is, refrain from exercising jurisdiction for "a reasonable time" to allow the state agency an opportunity to address the charge first. 42 U.S.C. § 2000e-5(d). Illinois has such an agency, the IDHR, and is therefore a "deferral state." *See Bass v. Joliet Pub. Sch. Dist. No. 86*, 746 F.3d 835, 839 (7th Cir. 2014).

[3] Illinois courts look to federal courts for guidance on this question because of the similarities between the federal and Illinois employment discrimination statutes. *Lee v. Human Rights Comm'n*, 467 N.E.2d 943, 947 (Ill. App. Ct. 1984).

7

felt." *Allen v. Lieberman*, 836 N.E.2d 64, 70 (Ill. App. Ct. 2005) (citing *Delaware State College v. Ricks,* 449 U.S. 250, 257-61 (1980)). This is because the alleged *decision* to terminate an employee violates the anti-discrimination statute, not the termination itself. *See Chardon v. Fernandez*, 454 U.S. 6, 8 (1981). Thus, the triggering date is when a plaintiff is notified of her termination, not the date she is actually terminated, *id.*, the date a grievance over the termination is concluded, *Polacek v. Human Rights Comm'n*, 513 N.E.2d 1117, 1119 (Ill. App. Ct. 1987) (citing *Ricks*, 449 U.S. at 261; *International Union of Electrical Workers v. Robbins & Myers, Inc.*, 429 U.S. 229, 234-35 (1976), or the date reconsideration of the termination decision is denied, *Lee v. Human Rights Comm'n*, , 467 N.E.2d 943, 947 (Ill. App. Ct. 1984).

In this case, Henderson alleges she was notified on February 24, 2015, "that a computer program was to replace her position as Parts Manager," Compl. ¶ 11, and that a much younger employee was to operate the computer program, Compl. ¶ 12. Henderson's charge indicates both pieces of information were conveyed at the same time. Henderson was actually terminated March 6, 2015. Compl. ¶ 13. Henderson suggests her termination did not become unequivocal until March 6, 2015, and that a jury should decide whether the notice reflected a final decision to terminate.

Henderson's argument is to no avail. She alleged she was notified of her replacement by a computer run by a younger person on February 24, 2015. Nothing she pleads tints that notification with any ambiguity or equivocation, and in her response to Ideal's motion to dismiss she alleges no additional facts suggesting any ambiguity could be pled in an amended complaint. The current pleading establishes the allegedly discriminatory act – the decision to terminate her because of her age – occurred and was communicated to her on February 24, 2015. She filed a charge with the EEOC 188 days later, eight days too late to have timely filed a charge to support

her IHRA claim. Accordingly, that claim must be dismissed without prejudice for failure to exhaust administrative remedies.

## III. Conclusion

For the foregoing reasons, the Court:

- **GRANTS in part** and **DENIES in part** Ideal's motion to dismiss and for judgment on the pleadings (Doc. 10);

- **DISMISSES** Henderson's claim for age discrimination under the IHRA (Count II) **without prejudice** for failure to exhaust administrative remedies; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED: November 7, 2017**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**